IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NATHANIAL SHIPMAN,

    Plaintiff,

v.                                                      CIV 15-0167 BRB/KBM

MICHAEL CARRASCO, a Bernalillo
County Sheriff's Deputy, and
CARL USTUPSKI, a Grants Police
Department Officer,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Ustupski's Motion to Compel Full and Complete Responses to His Outstanding Discovery Requests, filed on October 19, 2016. *Doc. 46*. Having considered the record, submissions of counsel, and relevant law, the Court finds the motion is well-taken and will be **GRANTED IN PART**.

**I.    Background**

Defendant Ustupski asserts he served his first set of interrogatories and requests for production to Plaintiff on June 14, 2016. *Doc. 46* at 1. The Court had previously stayed discovery pending a decision on Defendant Carrasco's motion for summary judgment. *See Doc. 20*. The Court filed an opinion and order denying the motion for summary judgment and simultaneously lifting the stay on discovery on July 19, 2016. *Doc. 34*. Counsel for Defendant Ustupski (Mr. James Lyle) contacted counsel for Plaintiff to ask when he could expect responses to the discovery requests. *Doc. 46* at

1-2. On July 27, 2016, Counsel for Plaintiff indicated that his co-counsel, Mr. Nick Sitterly, would respond to the requests after he returned to the case. *Id.* at 2.

Mr. Sitterly sent responses to the discovery requests by fax on October 14, 2016. *Id.* Due to a computer error, the spaces for answers to the interrogatories and requests for production were left blank, and the only information Mr. Lyle received was a list of documents and other evidence. *Id.*; *see also Docs. 49* at 2; *46-2*. Mr. Lyle allegedly left a voicemail for Mr. Sitterly, informing him of his intention to file a motion to compel and for sanctions. *Doc. 49* at 2. Mr. Sitterly contends that he called Mr. Lyle on the same day and explained there was a computer error, and he delivered the responses to the discovery requests with the completed answers to Mr. Lyle's office the following day. *Id.* After delivering the corrected responses in print to Mr. Lyle, Mr. Sitterly faxed a letter to Mr. Lyle on October 27, 2016, asking him to withdraw his motion to compel. *Id.* at 2, 5-6.

Mr. Sitterly asserts that he had previously sent a large quantity of information, much of which was responsive to the discovery requests, in 2015, with his initial disclosures and prior to Defendant Carrasco's motion for summary judgment. *Id.* at 1-2. It is unclear how Mr. Sitterly provided this information, but he contends that Mr. Lyle "did not avail himself of this information at the time, as [Mr. Lyle] refuses to communicate by email and ignored Plaintiff's offer."[1] *Id.* at 2. Mr. Lyle affirms that he "does not consent to electronic service between counsel[,]" as is his right pursuant to Federal Rule of Civil Procedure 5(b)(2)(E)–(F). *Doc. 51* at 4. Mr. Sitterly also avers that Plaintiff's responses were late "due in large part to settlement negotiations between Defendant Ustupski and

---

[1] It is unclear from Plaintiff's response brief whether Mr. Sitterly attempted to provide this information to Mr. Lyle in a non-electronic format in 2015, or whether Mr. Lyle even knew that Mr. Sitterly had provided the electronic information at all. *See Doc. 49* at 2.

2

Plaintiff, which both parties believed would result in settlement." *Doc. 49* at 3. Mr. Lyle did not respond to this assertion.

Mr. Lyle argues in his reply brief that even with the corrected responses, Mr. Sitterly has still failed to provide full and complete responses to all of the discovery requests. *See Doc. 51*. The Court will examine these in detail in the next section.

## II.    Analysis

### A.    Failure to Produce Privilege Logs

Defendant Ustupski's main argument regarding Plaintiff's discovery responses rests on Plaintiff's failure to produce adequate privilege logs. *See Doc. 51* at 1-2. In Interrogatory No. 4 and related Request for Production No. 2, Defendant Ustupski seeks a list and copies of "all documents, photographs, recordings, charts or diagrams relating to the incidents alleged in the Complaint . . . ." *Doc. 46-2* at 8-9; *see also Doc. 51* at 1. Plaintiff's discovery responses refer to an "attached privilege/production log," but Mr. Lyle asserts that he did not receive the log. *Docs. 51* at 1; *51-1* at 2-3.

Requests for Production Nos. 3 and 4 seek "statements or investigations taken from or involving the Defendants, their agents, employees and representatives," as well as items referenced in Interrogatory No. 5 (*Doc. 46-2* at 11), and "copies of all documents or correspondence exchanged, sent or received between [Plaintiff, his] agents and attorneys, and any of the persons identified in Interrogatory No. 6" (*Doc. 46-2* at 13). *See Doc. 51* at 1-2. In his responses to Requests for Production Nos. 3-4, Plaintiff states that all responsive documents "for which the Plaintiff does not claim privilege" will be available for Defendant Ustupski's inspection and copying at Mr. Ray Twohig's law office. *Doc. 51-1* at 4-5. Defendant Ustupski argues that not only did

Plaintiff fail to produce any documents or a privilege log, but Plaintiff also failed to object with specificity as required by Federal Rule of Civil Procedure 34(b)(2)(B), presumably by not including a privilege log regarding any documents that Plaintiff would not make available for inspection.[2] *Doc. 51* at 1–2.

"Rule 26(b)(5) of the Federal Rules of Civil Procedure governs privilege logs." *Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 651 (D.N.M. 2007). The rule provides:

> When a party withholds information otherwise discoverable by claiming
> that the information is privileged or subject to protection as trial-
> preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible
> things not produced or disclosed – and do so in a manner that, without
> revealing information itself privileged or protected, will enable other parties
> to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii).  "The law is well settled that failure to produce a privilege log or production of an inadequate privilege log may be deemed waiver of the privilege." *Anaya*, 251 F.R.D. at 651 (quoting *Thelen Reid & Priest LLP v. Marland*, No. C 06–2071, 2007 WL 578989, at *10 (N.D. Cal. Feb. 21, 2007) (internal citations omitted)).

Because Defendant Ustupski presented these specific arguments in his reply brief after he had received the corrected discovery responses, Plaintiff did not have an opportunity to respond. *See Docs. 49, 51*. Consequently, the Court will direct Plaintiff to supplement his responses to Interrogatory No. 4 and Requests for Production Nos. 2-4 in accordance with the Rules no later than Friday, December 16, 2016.

---

[2] Rule 34(b)(2)(B) provides that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

4

B.  **Failure to Sign Discovery Responses**

Mr. Lyle next objects that Mr. Sitterly failed to properly certify the responses as required by Federal Rule of Civil Procedure 26(g)(1). *Doc. 51* at 2-3. Rule 26(g)(1) requires that "every discovery request, response, or objection must be signed by at least one attorney of record . . . ." Fed. R. Civ. P. 26(g)(1). Mr. Lyle asserts that Mr. Sitterly failed to sign the discovery responses as required and should be sanctioned pursuant to Rule 26(g)(3). *Doc. 51* at 2-3. Similarly, Mr. Lyle asserts that Mr. Sitterly failed to sign the answers to the Interrogatories as Rule 33(b)(5) requires. *Id.* at 3; *see also* Fed. R. Civ. P. 33(b)(5) ("The person who makes the [interrogatory] answers must sign them . . . .").

"The 1983 advisory committee notes to Rule 26(g) explain" that attorneys have "an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37." *EEOC v. Bok Fin. Corp.*, No. CIV 11-1132 RB/LFG, 2013 WL 11955289, at *2 (D.N.M. Mar. 1, 2013) (quoting Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment). Rule 26(g) explicitly encourages courts to impose sanctions to provide "a 'deterrent to both excessive discovery and evasion by imposing a certification requirement . . . .'" *Id.* (quoting Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment). The Rule provides that:

> If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Fed. R. Civ. P. 26(g)(3).

"However, Rule 26(g) and the certification duty is not meant to discourage or restrict necessary and legitimate discovery." *Bok Fin. Corp.*, 2013 WL 11955289, at *2. "The rule simply requires that the attorney makes a reasonable inquiry into the factual basis of his response, request, or objection." *Id.* (quoting Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment). "If an attorneys violates Rule 26(g) standards, that rule '*mandates* that sanctions be imposed.'"[3] *Id.* (quoting Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment). "The nature of those sanctions 'is a matter of judicial discretion to be exercised in light of the particular[ ] circumstances.'" *Id.* (quoting Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment).

The Court notes that Mr. Lyle made the bulk of his arguments – including this one about failure to sign under Rules 26(g) and 33(b)(5) – in his Reply, after he received Plaintiff's corrected responses. *See Doc. 51*. Mr. Sitterly did not, therefore, have a chance to respond to the question of whether he satisfied the signature obligation or was without substantial justification for a failure to sign the discovery responses. Moreover, Mr. Lyle does *not* argue that Mr. Sitterly's discovery responses were made in an effort to be evasive, to increase the cost of discovery, or to delay the completion of discovery. *See Bok Fin. Corp.*, 2013 WL 11955289, at *1-3. In fact, counsel for both parties have not only been working together in an effort to reach settlement (*see Doc. 49* at 3), but they have also conferred about Mr. Lyle's objections to the responses, and Mr. Sitterly has agreed to cure any deficiencies (*see Doc. 51* at

---

[3] "While Rule 26(g) violations mandate sanctions, a court must still approach the question with caution and circumspection in determining if an attorney or party violated the rule without 'substantial justification.'" *Id.* at 3 (citation omitted). "The question is whether the attorney who signed the certification made a 'reasonable inquiry' into the facts supporting the disclosure." *Id.*

3). Thus, Court will direct Mr. Sitterly to cure any failures under Rules 26(g) and 33(b)(5) no later than Friday, December 16, 2016.

### C. Failure to Specify Records

Mr. Lyle's final objection is to the responses to Interrogatories Nos. 21 and 22 and Request for Production No. 13. *Doc. 51* at 3. These requests seek information about Plaintiff's previous employment and lost/diminished wages. *See Doc. 51-1* at 6-8. The responses to Interrogatory No. 21 and Request for Production No. 13 simply state that responsive documents are available for inspection at Mr. Ray Twohig's law office. *Id.* at 6, 8. In response to Interrogatory No. 22, Mr. Sitterly states that there are currently no lost/diminished wages computations, and the response will be supplemented once the computations are final. *Id.* at 7.

"Rule 33(d) allows an answering party to refer to their own business records when the answer may be derived or ascertained from those records and 'the burden of deriving or ascertaining the answer will be substantially the same for either party.'" *Gutwein v. Taos Cty. Det. Ctr.*, No. Civ. 15-0672 RB/WPL, Doc. 64, at *2 (D.N.M. Oct. 18, 2016) (quoting Fed. R. Civ. P. 33(d)). "Such an answer is 'inappropriate where the interrogatory calls for the exercise of particular knowledge and judgment on the part of the responding party.'" *Id.* (quoting *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 226 (N.D.W. Va. 2007) (internal quotation omitted)). "However, the answering party must identify which documents are responsive with sufficient detail to allow the interrogating party to quickly identify those documents." *Id.* at 2–3 (citing *Ayers*, 240 F.R.D. at 226).

Plaintiff's responses do not comply with this rule. The Court grants Defendant Ustupski's motion with respect to Interrogatories Nos. 21 and 22 and Request for

Production No. 13 and orders Plaintiff to fully supplement these three responses no later than Friday, December 16, 2016. The Court notes that any business records specified under Rule 33(d) must be Plaintiff's own business records, and not "documents produced by a non-party." *See id.* at *4-5 n.2 (citing Fed. R. Civ. P. 33(d)(1); *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 305 (D. Kan. 1996)).

### IV. Conclusion

The Court appreciates the parties' efforts to work toward settlement and to resolve discovery disputes cordially and encourages counsel to continue in these endeavors.

**Wherefore,**

**IT IS ORDERED** that Defendant Ustupski's Motion to Compel Full and Complete Responses to His Outstanding Discovery Requests *(Doc. 46)* is **GRANTED IN PART**. Plaintiff shall submit full and complete supplemental discovery responses as outlined in this Order and remedy any signature deficiencies under Rule 26(g) or 33(b)(5) no later than **Friday, December 16, 2016**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE